**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 231.]**

KEPPEL, APPELLEE, *v.* JACK KEPPEL ESTATE; NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLANT.

[Cite as *Keppel v. Jack Keppel Estate*, 1996-Ohio-403.]

*Insurance—Motor vehicles—Pursuant to former R.C. 3937.18, an underinsurance claim must be paid, when—Determining amount of underinsurance coverage to be paid.*

(No. 96-312—Submitted July 10, 1996—Decided August 7, 1996.)

CERTIFIED by the Court of Appeals for Lorain County, No. 95CA006157.

_____

*Weston, Hurd, Fallon, Paisley & Howley, Timothy D. Johnson* and *Gregory E. O'Brien,* for appellant.

_____

{¶ 1} The Court of Appeals for Lorain County finding its judgment to be in conflict with the judgment with the Court of Appeals for Cuyahoga County in *Viccarone v. Colonial Penn Ins. Co.* (Feb. 23, 1995), Cuyahoga App. No. 66822, unreported, 1995 WL 79789, entered an order certifying a conflict on the following issue:

"May an insurer who insures different members of the same household under one policy of automobile insurance enforce a provision in the policy that provides for a set-off, against the limits of underinsured motorist coverage, of any amount paid to the insured under the liability coverage of the same policy?"

{¶ 2} This court determined that a conflict existed; s*ua sponte*, we held the cause for a decision in case No. 94-2569, *Cole v. Holland,* and stayed the briefing schedule.

{¶ 3} We answer the certified question in the negative.

{¶ 4} The judgment of the court of appeals is affirmed.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

STRATTON, J., not participating.

_____